Loren H. Bbown, J.
This case has been appealed to the Saratoga County Court as an intermediate appellate court, from a judgment, dated June 14, 1974, of Justice Court, Town of Moreau (Robert S. Vines, J.) which judgment dismissed a civil action brought pursuant to section 113 of the Agriculture and Markets Law to recover a penalty for harboring an unlicensed dog and which judgment declared section 109-b of the Agriculture and Markets Law to be unconstitutional in violation of the Eighth and Fourteenth Amendments of the Federal Constitution and section 6 of article I of the Hew York State Constitution.
The respondents refused when tendering their dog license fee to pay the 10 cents provided for in subdivision 2 of section 109-b of the Agriculture and Markets Law. The rationale for *847 their refusal related to their contention that the section is unconstitutional.
A reading of the record of the proceedings of the court below, which proceedings occurred on three different dates, namely, March 13, 1974, April 26, 1974 and June 14, 1974, demonstrates to the satisfaction of this court that the respondents’ principal objection is to vivisection and the conduct of animal experimentation which they believe to be inhumane, and which they believe to be supported by the funds provided for in section 109-b of the. Agriculture and Markets Law. It is the court’s opinion that the respondents raise the issue of constitutionality only as a subterfuge to support their convictions against vivisection and canine experimentation. The court sympathizes with these convictions; however, for the purposes of this case, the court can only pass on the issue of the constitutionality of section 109-b of the Agriculture and Markets Law.
The court does find under all of the decisions referred to in the respondents’ brief that the 10 cents provided for in section 109-b of the Agriculture and Markets Law is a tax and not a fee; the court also agrees with respondents’ contention that the People concede this point.
It now appears that the only issue before the court is whether or not the tax is a reasonable tax having a fair and substantial relationship to this legislation and imposed so that all persons similarly circumstanced are treated alike. Simply stated, the substance of the matter to be considered is an equal protection tax question.
Subdivision 1 of section 109-b of the Agriculture and Markets Law makes • provision for the study of diseases of dogs and then amplifies the same to extend its impact to the curbing of disease generally. The court finds that the legislative intent herein was that the 10 cent tax imposed was to be used exclusively for the study of diseases of dogs but as such diseases affect man and other animals as well. With this construction, it is the court’s contention that the burden for the 10 cent tax being placed on dog owners as a class has a fair and substantial relationship to the legislation and that the classification of dog owners as the taxpayers herein is reasonable and that all dog owners are being treated alike and that those who own dogs should rightfully help bear the financial burden of the study of dog diseases as they affect not only dogs but man and other animals as well. The respondents contend that the studies being conducted are inhumane and that th^ proceeds *848 of the taxes called for herein are being misapplied; these matters cannot be considered herein; accordingly, the judgment of the court below is reversed and the matter is resubmitted for a further determination in conformity with this opinion.